In re WIESSNER.

(District Court, E. D. New York. May 14, 1902.)

BANKRUPTCY—PREMISES OCCUPIED BY TRUSTEE—RIGHT TO RECOVER RENTAL.
　　A receiver appointed for the property of a bankrupt took possession
　　of the premises occupied by the bankrupt under the supposition that
　　they were a part of the bankrupt's estate, and later such premises were
　　occupied by the trustee. The premises were in fact leased to a corpora-
　　tion with which the bankrupt was connected. The lessor made no de-
　　mand for possession, but subsequently commenced an action in a state
　　court against the corporation in which judgment was recovered for
　　arrearage of rent and for possession, and possession was surrendered to
　　the officer thereunder. Held, that the lessor was estopped by such pro-
　　ceedings from recovering rental from the trustee.

In Bankruptcy. On petition for an order directing the trustee to
pay rental for premises occupied by him.

Byram L. Winters, for petitioner.
Kenneson, Crain, Emley & Rubino, for trustee.

THOMAS, District Judge. The petition of Margaretha Wiessner
for an order directing the trustee to pay the petitioner the reason-
able value of the use and occupation by the trustee of certain prem-
ises is hereby denied. On the 6th of June, 1900, the receiver took
possession of the premises upon the supposition that they belonged
to the bankrupt, and continued therein until August 7, 1900; where-
upon the trustee, having been appointed, occupied the premises, in
connection with the main property, until the 19th of June, 1901. Pos-
session of the premises was not demanded by the petitioner or by
any person in her behalf. It appears that on May 22, 1900, the peti-
tioner leased the premises to the Oscar E. A. Wiessner Manufactur-
ing Company for the period of 10 years from May 22, 1900, at an
annual rent of $2,400; that on September 17, 1901, one Charles M.
Pracht, an agent of Margaretha Wiessner, filed a petition in the mu-
nicipal court of the city of New York, wherein he stated that on Sep-
tember 1, 1901, the lessee named owed the petitioner $2,200, as
eleven months' rent for the premises, from October 1, 1900, to Sep-
tember 1, 1901, and asked that such proceedings be taken as should
dispossess the lessee from said premises; that pursuant to such pro-
ceedings a judgment was, on September 20, 1901, rendered, finding
that $2,200 was due as rent from the lessee to the petitioner, and
decreeing that the petitioner should have possession of the premises,
and that a warrant of attachment should issue to remove the said
tenant therefrom; that such warrant was issued, and on September
21st the return was duly made, stating that pursuant to the warrant
the marshal had put the petitioner in full possession of the premises.
The proceedings dispossessing the lessee were in proper form. There
is no evidence that the petitioner ever disclaimed the same, until it was
found that such action estopped a recovery under the present petition.
Even then the petitioner offered no evidence until this motion had
been argued, whereupon an affidavit was offered tending to show that
the summary proceedings were without petitioner's authority. Such
a contention cannot be maintained to vitiate the verity of the pro-
ceedings, the benefit of which the petitioner has had.