## In re BISENIUS.

District Court, D. Minnesota, Sixth Division. December 5, 1927.

Bankruptcy ⬅️255—Wife of bankrupt held not entitled to rent for use of storage room by trustee, in absence of previous notice.

Where bankrupt occupied for his business a room in a building owned by his wife, without payment of rent, and agreed that his trustee might store his stock therein until sold, free of charge, the wife *held* not entitled to claim rent for such use from the estate, in the absence of notice to the trustee that rent would be charged.

In Bankruptcy. In the matter of Joseph P. Bisenius, bankrupt. On review of order of referee allowing claim of Mary A. Bisenius for $318.75. Reversed.

H. H. Sullivan, of St. Cloud, Minn., for claimant.

David R. Thomas, of Minneapolis, Minn., for petitioner.

JOHN B. SANBORN, District Judge. The claimant is the wife of the bankrupt, lives with him, and owns the building in which he had his heating and plumbing business. He occupied a room on the ground floor, and she occupied an adjoining room, in which she operated a lunch room. No rent had been paid her at any time for the space he occupied, and the building had been purchased originally with his funds. It is not claimed, however, that the property belonged to him. After bankruptcy, the trustee took possession of the bankrupt's stock, and continued to store it in the same space which the bankrupt had occupied. That was the only use which he made of the premises, and he had an understanding with the bankrupt that he might do so free of charge. He supposed the premises belonged to the bankrupt, and received no notice to the contrary. For four months and one week the stock remained in storage. Thereafter the wife filed her claim for rent on the basis of $75 per month, which was the reasonable rental value of the space in which the bankrupt's goods were stored. The referee allowed the claim.

The trustee stood in the shoes of the bankrupt with reference to the right of occupancy of the premises. In re Budd (C. C. A.) 239 F. 307; In re Wiessner (D. C.) 116 F. 68. That Mrs. Bisenius might have refused at any time to permit her husband to occupy the premises rent free is clear. That she might have refused to permit the trustee to occupy them is equally clear. Where, however, her arrangement with her husband was that he was to pay no rent, it is not conceivable that he would be liable for rent until such time as she notified him that the former arrangement was terminated. While it is true that one who occupies premises of another without any agreement as to the amount of rent to be paid impliedly agrees to pay the reasonable value of such occupancy, no such implied agreement would arise as to one who had an understanding that no rent was to be paid. It seems to me, therefore, that, under the circumstances here, Mrs. Bisenius was in no position to claim any right to receive rent from her husband's trustee in bankruptcy until such time as she notified him that the agreement pursuant to which her husband had occupied the premises had terminated, and that thenceforth she would expect rent to be paid. While the question is not free from doubt, and I have found no case directly in point, my conclusion is that Mrs. Bisenius has no claim for rent.

The order of the referee is reversed, and he is directed to disallow the claim.